IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-21-460 |
| | * | |
| SAMUEL SULLIVAN, JR., | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**GOVERNMENT'S MEMORANDUM IN ADVANCE OF DETENTION HEARING**

Comes now, the United States of America, by and through undersigned counsel, and in support of a motion for detention submits the following memorandum. Defendant, Samuel Sullivan, Jr. (hereafter "Defendant Sullivan") is scheduled to appear before the Court on Monday, December 6, 2021 at 10:30 a.m. for a detention hearing. On December 1, 2021, Defendant Sullivan had an initial appearance on a new indictment charging him with Bank Robbery; Interference and Attempted Interference with Interstate Commerce by Robbery ("Hobbs Act Robbery"); and Using, Carrying, or Brandishing a Firearm in Relation to a Crime of Violence; in violation of Title 18, United States Code, Sections 2113(a), 1951(a), and 924(c). At the same time, Defendant Sullivan also had an initial appearance for violating the terms of his supervised release by incurring the new charges. The government respectfully submits this memorandum to request that the Court enter an order of detention because Defendant Sullivan represents a danger to the community and presents a significant flight risk. Pre-Trial Services recommends detention, and the government agrees.

As outlined in the indictment, the alleged conduct in question involves multiple violent offenses including but not limited to three bank robberies. Additionally, during one of the attempted Hobbs Act robberies, Defendant Sullivan struck a victim over the head with his firearm,

and then shot another victim in the leg. Moreover, because Defendant Sullivan is charged with a firearms offense under Section 924(c), he is presumed to pose both a danger to the community and a risk of flight, and there is a presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] and the safety of the community." 18 U.S.C. § 3142(e)(3)(B). Moreover, under Federal Rule of Criminal Procedure 32.1(a)(6), for the violation of the terms of Defendant Sullivan's supervised release, Defendant Sullivan bears the burden of proving by clear and convincing evidence that he will not flee or pose a danger to any other person or the community.

As set forth below, Defendant Sullivan cannot defeat the presumption or meet his burden given, among other things, (1) the fact that he was previously convicted of Armed Bank Robbery and Use of a Firearm During a Crime of Violence and was on supervised release at the time of the instant offenses, (2) his criminal history, (3) the seriousness of the charges, (4) the strength of the evidence in support of those charges, (5) his substance abuse, and (6) the lengthy prison term he faces, including a mandatory minimum 25-year sentence on the Section 924(c) count consecutive to any other sentence imposed.

**I.      Legal Standard**

Separately from Defendant Sullivan's burden based upon his alleged violation of supervised release—which he cannot meet—the Bail Reform Act of 1984, codified at 18 U.S.C. §§ 3141-3156, provides that, in general, a court "shall order" a defendant's pretrial release unless the court determines that the defendant presents an unreasonable risk of flight or "will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). A presumption both of flight and dangerousness arises when, as here, there is probable cause to believe the defendant

committed an offense in violation of 18 U.S.C. § 924(c).

When a presumption of detention is applicable, the defendant bears the burden of rebutting that presumption.  18 U.S.C. § 3142(e)(3).  But regardless whether the presumption applies, the government must ultimately persuade the court by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant is a danger to the community.  Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the seriousness of the danger posed by the defendant's release and (4) the weight of the evidence against the defendant.  *See* 18 U.S.C. § 3142(g).

## II. The 18 U.S.C. § 3142(g) Factors Support Detention

For the reasons set forth below, Defendant Sullivan would pose a significant danger to the community and a risk of flight if released pending trial, and no combination of bail conditions would ensure the safety of the community and Defendant Sullivan's appearance before the Court. An order of detention pending trial should therefore be entered.

### a. The Nature and Circumstances of the Offenses Support Detention Under 18 U.S.C. § 3142(g)(1)

The nature and circumstances of the offenses are very serious.  Defendant Sullivan is charged with committing multiple crimes of violence and using and brandishing a firearm during the commission of a crime of violence.  The first bank robbery occurred on April 14, 2021 at a Wells Fargo bank in Potomac, Maryland.  Defendant Sullivan walked into the bank, approached the teller/victim, and said that he had a gun and demanded money.  The teller handed him $3,600

and Defendant Sullivan fled. The second bank robbery occurred on May 3, 2021 at the same Wells Fargo bank. This time, Defendant Sullivan walked into and passed the teller a note demanding money or he would shoot. The teller gave him $9,573 and Defendant Sullivan fled the bank. The third bank robbery occurred on May 17, 2021 at a SunTrust bank in Hyattsville, Maryland. Upon entering the bank, Sullivan approached several victim employees and stated that it was a stick up and that he would shoot. Defendant Sullivan then approached the tellers and demanded money. He also threatened to shoot the manager if the tellers did not comply with his demands. Defendant Sullivan took $8,065 and fled the bank.

The fourth robbery occurred on May 26, 2021 at the Bilingual Administrative Solutions check cashing store in the Best Way Supermarket in Hyattsville, Maryland. Defendant Sullivan approached the teller, brandished a black handgun, and demanded $2,000 or he would shoot the teller. The teller gave Defendant Sullivan $6,308 and Defendant Sullivan fled the store.

The fifth incident occurred on June 11, 2021 at a Sunoco gas station in Temple Hills, Maryland. Defendant Sullivan entered the gas station, grabbed an employee, put a gun to her head, and then demanded money. *Defendant Sullivan struck the victim in the head with his gun and then shot another employee in the leg.* He then then fled the store without any money.

The sixth attempted robbery occurred on June 11, 2021 at the Cash Depot in Hyattsville, Maryland. Defendant Sullivan entered the store, pulled out a black handgun, pointed it at the head of a customer, and demanded money from the teller. The teller fled without giving him any money and then Defendant Sullivan fled the store.

The nature and circumstances of these crimes clearly demonstrate that Defendant Sullivan poses a significant danger to the community. With this background, too, he cannot meet his burden

under Fed. R. Crim. P. 32.1(a)(6).

### b. The Weight of the Evidence Against Defendant Sullivan Supports Detention Under 18 U.S.C. § 3142(g)(2)

The evidence against Defendant Sullivan is strong. Surveillance footage from inside the banks and from the commercial establishments shows Defendant Sullivan's distinctive hair, beard, tattoos, and clothing. Surveillance footage shows Defendant Sullivan arriving and fleeing the scene of the Sunoco attempted Hobbs Act robbery in the same vehicle that he was ultimately arrested in. Moreover, there is DNA evidence from a pair of pants that Defendant Sullivan left behind at the SunTrust bank robbery, and from a bag left behind at the Sunoco attempted Hobbs Act robbery. Law enforcement also recovered several items of clothing from search warrants executed at Defendant Sullivan's sister's house and from the car that he was arrested in that are consistent with items of the clothing worn during the robberies. Moreover, there are photos and videos from Defendant Sullivan's cellphone that show him with a 40 caliber Glock that is consistent with the gun brandished and used during the incidents described above. The weight of the evidence against Defendant Sullivan supports detention.

### c. The History and Characteristics of Defendant Sullivan Supports Detention Under 18 U.S.C. § 3142(g)(3)

Most significantly, Defendant Sullivan was on supervised release at the time of the instant offenses. Defendant Sullivan was convicted of Armed Bank Robbery (a Class B felony) and Use of a Firearm During a Crime of Violence (a Class A felony) in March 2012. His supervision started on February 22, 2021, a mere two months before the bank robbery alleged in Count 1. The fact that Defendant Sullivan is being prosecuted for the same crimes for which he was convicted

in 2012 shows that he has a demonstrated character and propensity for violence. Defendant Sullivan threatened to shoot his victims, struck one victim over the head with his firearm, and made good on this threats of violence by shooting another victim in the leg during the incident for which he is charged in Count 4.

As evidenced by the pre-trial report, Defendant Sullivan has a lengthy criminal history dating back to 2000. He also has a history of drug use and reported using cocaine daily since February 2021 (in violation in his supervised release conditions). Defendant Sullivan was also a daily user of marijuana and has used ecstasy. Finally, Defendant Sullivan has been unemployed since his release from prison. In sum, Defendant Sullivan's history and characteristics strongly support detention.

### d. The Nature and Seriousness of the Danger to the Community Posed by Defendant Sullivan Supports Detention Under 18 U.S.C. § 3142(g)(4)

As detailed above, Defendant Sullivan is charged with committing three bank robberies less than two months after being released from prison for the same offense. During the bank robberies and commercial robberies for which he is indicted, Defendant Sullivan threatened to use deadly force on several occasions, and did in fact use such force on one such occasion. Defendant Sullivan also brandished a firearm during two of the robberies or attempted robberies, and even filmed himself racking the slide of a handgun that appears to be consistent with the one used during the robberies. The nature and seriousness of the danger to the community posed by Defendant Sullivan is significant, and therefore the Section 3142(g)(4) factor supports detention.

**III.     Defendant Sullivan is a Flight Risk Under 18 U.S.C. § 3142(f)(2)(A)**

In addition to being on supervised release when he committed the offenses for which he has been indicted, Defendant Sullivan has a history of non-appearances. According to a prior presentence report, the defendant failed to appear for a show cause pretrial hearing for a prior D.C. Superior Court case on May 16, 2021. Additionally, in January 2001 Defendant Sullivan signed out of an Extended House Community Corrections Center and never returned as required. This incident led to an escape conviction. While on probation and supervised release, Defendant Sullivan has had violations for several positive drug screens, failure to submit to drug tests, and failing to report for supervision. Finally, Defendant Sullivan fled from police during his arrest for the bank robbery for which he was convicted in 2012. Defendant's history clearly indicates he is a flight risk and therefore should be detained.

**IV.     Conclusion**

In sum, for the reasons set forth above, the government respectfully submits that even if Defendant Sullivan did not face the burden he does—which he cannot meet—no condition or combination of conditions will assure the safety of the community or Defendant Sullivan's return to Court. The government therefore requests that Defendant Sullivan be detained pending trial.

                        Respectfully submitted,

                        Erek L. Barron
                        United States Attorney

By:     /s/ Jared Engelking
          Jared Engelking
          Special Assistant United States Attorney

          /s/ Michael Morgan
          Michael Morgan
          Assistant United States Attorney